**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FIRST LOOK MEDIA WORKS, INC.**<br>114 5th Avenue, 18th Floor<br>New York, NY 10011<br><br>          **Plaintiff,**<br><br>v.<br><br>**ENVIRONMENTAL PROTECTION AGENCY,**<br>1200 Pennsylvania Avenue NW<br>Washington DC 20004<br><br>          **Defendant.** | **Case No. 18-cv-929** |

## **COMPLAINT**

Plaintiff First Look Media Works, Inc. ("FLM"), publisher of *The Intercept*, by and through its undersigned attorneys, alleges:

1.      This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.,* by FLM, a non-profit American news organization that prides itself on providing the public with original, independent journalism concerning the institutions and individuals responsible for shaping our democracy.  FLM brings this action for injunctive and other appropriate relief, seeking the release of agency records from the Environmental Protection Agency (the "EPA").

2.      Through this action, FLM seeks to compel the EPA to provide records documenting the official actions of its most high-ranking members, including EPA Administrator Scott Pruitt.  In recent months, both the EPA and Mr. Pruitt have come under increasing public scrutiny for a number of reasons.  Under Mr. Pruitt's stewardship, the EPA has indicated that it

1

will relax environmental regulations on several industries – including oil and coal – a subject of significant public controversy both domestically and internationally.  Mr. Pruitt has personally met with several industry leaders and representatives to convey the EPA's deregulatory vision, and, eliciting further public controversy, rented a D.C. apartment tied to a top energy firm lobbyist at significantly below market value.  Consequently, some have argued that Mr. Pruitt's close ties with industry will prevent the EPA from adequately addressing the pressing environmental issues of our time, including climate change, the lack of clean drinking water in certain areas, and toxic air pollution.

3. Mr. Pruitt's spending as EPA administrator has also drawn public scrutiny and has raised important questions about the ethical accountability of our nation's top officials. News outlets have revealed that Mr. Pruitt spent over $105,000 on first class air travel during his first nine months as administrator, bucking what some argue is the prevailing expectation that agency heads practice frugality by traveling coach.  Mr. Pruitt has also drawn controversy for approving salary increases for close aides, which had been previously rejected by the White House.  Mr. Pruitt also installed a $43,000 soundproof phone booth in his office last year, an act that, according to the Government Accountability Office, violated federal spending laws.

4. During late 2017 and early 2018, FLM reporter Nick Surgey submitted seven FOIA requests to the EPA that go to the heart of the public controversies described above, including the ties between the EPA and the industries it is purportedly meant to regulate, as well as the spending habits of Mr. Pruitt and his associates.  In violation of FOIA, the EPA has failed to provide any response whatsoever to four of the requests, while providing legally inadequate "interim responses" to the three others.  The EPA's non-responsive delay tactics should not be

countenanced:  it should be compelled to abide by the law, perform reasonable searches and promptly release all of the requested records.

## PARTIES

5.     Plaintiff First Look Media Works, Inc. is a not-for-profit American news organization that owns and operates several journalistic outlets, including *The Intercept*.  Its headquarters are at 114 5th Avenue, New York, NY 10011.  Nick Surgey submitted the FOIA requests at issue in this case in his capacity as an investigative reporter for FLM's *The Intercept* and FLM accordingly brings this suit to obtain the records in question.

6.     Defendant EPA is an agency of the federal government that has possession, custody and/or control of the records that FLM seeks.  EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington DC 20004.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the State Department pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

8.     Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

9.     FLM is deemed to have exhausted all its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C) because the EPA has failed to respond within the statutorily mandated time limit of twenty working days after receipt of a request.  5 U.S.C. § 552(a)(6)(A)(i).

## FACTS

10.     FOIA "focuses on the citizens' right to be informed about 'what their government is up to,'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties."  *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted).  "[D]isclosure, not secrecy, is the dominant

objective" of FOIA.  *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

11. FLM, like other news organizations, plays a critical role in providing information to citizens about "what their government is up to."  Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people."  *New York Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

12. Through the FOIA requests at issue in this case, FLM seeks to fulfill its journalistic function and shine a public light on the EPA – an agency that will shape the future of our environment for generations to come – and its current leader, Scott Pruitt, whose conduct has raised questions as to whether he intends to use his office as a means to enrich himself at the expense of the American taxpayer.

**Request A:  Records Regarding June 2017 G7 Trip to Italy**

13. On September 20, 2017, FLM investigative reporter Nick Surgey submitted a request ("Request A") to the EPA via MuckRock's FOIA Portal.[1]  A true and correct copy of Request A is attached hereto as Exhibit A.

14. Request A sought all records "relating to the EPA/U.S. delegation trip to Italy in June 2017 for the G7 and other meetings," including but not limited to, "emails, written materials and notes, and travel vouchers related to the trip."  The request was limited to records created since January 20, 2017, and was limited to the following custodians:  (1) Mr. Pruitt, (2) Lincoln Ferguson (Adviser to Mr. Pruitt), (3) Sarah Greenwalt (Senior Counsel to Mr. Pruitt), (4)

---

[1] MuckRock is a non-profit that promotes government transparency by, among other things, assisting journalists and other citizens with requesting government records.  ABOUT MUCKROCK, https://www.muckrock.com/about/ (last visited Apr. 18, 2018).

Samantha K. Dravis (Senior Counsel and Associate Administrator in EPA's Office of Policy), (5) Mark Kasman (Director of EPA's Office of Regional and Bilateral Affairs), (6) Jane Nishida (Principal Deputy Assistant Administrator of EPA's Office of International and Trial Affairs), (7) Mandy Gunasekara (Principal Deputy Assistant Administrator of EPA's Office of Air and Radiation), and (8) Ryan Jackson (Chief of Staff of EPA).

15.     The records FLM seeks through Request A are necessary for the public to understand the travel expenditures the EPA made in connection with its G7 trip to Italy in 2017. Based on current disclosures, the cost of the taxpayer-funded trip exceeded $84,000, which included $30,553.80 for Mr. Pruitt's 24-hour security detail, a degree of protection unprecedented for an EPA administrator.[2]  Further insight regarding travel expenditures for this trip will better inform the public on whether the EPA and its officials have been wasteful with taxpayer money.

16.     On October 19, 2017, having yet to receive a response to Request A on its portal, MuckRock, on behalf of Mr. Surgey,[3] wrote to the EPA:  "I wanted to follow up on the following Freedom of Information request, copied below, and originally submitted on Sept. 20, 2017.  Please let me know when I can expect to receive a response, or if further clarification is needed."

17.     On October 20, 2017, MuckRock, again on behalf of Mr. Surgey, informed the EPA that the agency had still not acknowledged Request A, notwithstanding that it had been submitted on September 20, 2017.  In that message, MuckRock requested that the EPA

---

[2] Miranda Green and Timothy Cama, *Cost of Pruitt's Italy Trip Rises Above $84,000*, THE HILL (Mar. 20, 2018, 11:37 AM), http://thehill.com/policy/energy-environment/379295-pruitts-security-detail-cost-30000-for-italy-trip.

[3] MuckRock offers its users a service in which it will, on the user's behalf, periodically follow up with an agency that has failed to respond to the user's FOIA request.

acknowledge the request and assign it a tracking number. MuckRock sent similar messages to the EPA on Mr. Surgey's behalf on November 20, 2017, December 20, 2017, January 19, 2018, February 19, 2018, and March 21, 2018.

18. To this date, the EPA has failed to acknowledge Request A or assign it a tracking number.

19. Therefore, the EPA has constructively denied Request A and FLM has, by operation of law, exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C).

**Request B:  Records Regarding Participation With Outside Groups and Travel**

20. On October 3, 2017, Mr. Surgey, submitted another request ("Request B") to the EPA via the MuckRock FOIA portal. True and correct copies of Request B, and the EPA's acknowledgment thereof, are attached here to as Exhibit B.

21. Request B sought "[r]ecords in possession of EPA Ethics Office staff . . . concerning any EPA political appointee (including but not limited to EPA Administrator Scott Pruitt) participating with any external organization/corporation (or individual person), including but not limited to invitations to speak at meetings, fundraising events, galas and other events. Records should include but are not limited to any requests/questions to EPA ethics regarding legal/ethical nature of proposed or actual actions by EPA political appointees."

22. The request also sought from the EPA Ethics Office "records concerning any EPA political appointee (including but not limited to EPA Administrator Scott Pruitt) travel," including but not limited to "any requests/questions to EPA ethics regarding legal/ethical nature of proposed or actual actions by EPA political appointees."

23. FLM seeks these records to shed light on the controversy surrounding Mr. Pruitt's ties to the industries his agency is supposed to regulate. By way of example, it has recently been

reported that Mr. Pruitt had a May 22, 2017 meeting with Steven Chancellor, CEO of White Stallion Energy, which mines coal from the Illinois Basin.[4] The records sought by this request are significant for a separate, independent reason: Mr. Pruitt has already received sharp criticism for planning to attend a Republican fundraising event in violation of federal law.[5] It is imperative that the public be aware of whether Mr. Pruitt has engaged in other similar, unlawful conduct.

24. In his October 3, 2017 request, Mr. Surgey specified that the EPA's search could be limited to records created since January 20, 2017.

25. On October 20, 2017, MuckRock, on behalf of Mr. Surgey, informed the EPA that it had yet to acknowledge Request B and had yet to assign the request a tracking number. On November 21, 2017, MuckRock again requested on behalf of Mr. Surgey that the EPA acknowledge Request B and assign it a tracking number. Finally, on November 29, 2017, the EPA acknowledged Request B and assigned it tracking number EPA-HQ-2018-002150.

26. On January 8, 2018, an attorney for the EPA informed Mr. Surgey that "[the EPA's] Ethics office has been extremely busy and short-staffed these last few months, and the Agency is experiencing historic numbers of incoming FOIA requests." The EPA attorney then stated that "[w]e will continue to diligently process this request. I hope to be able to provide another update soon with a production deadline." On February 8, 2018, the EPA attorney sent another message, again conveying that it was still processing Mr. Surgey's request. The attorney

---

[4] *See* Alex Guillen and Emily Holden, *Pruitt Huddled With Coal Exec Who Raised Over $1M for Trump*, POLITICO (Mar. 16, 2018, 8:00 AM), https://www.politico.com/story/2018/03/16/scott-pruitt-epa-indian-coal-executive-meeting-467015.

[5] Timothy Cama, *Dem: Pruitt Violating Anti-Campaigning Law with GOP Fundraiser*, THE HILL ( Apr. 25, 2017, 8:48 PM) http://thehill.com/policy/energy-environment/330578-dem-pruitt-violating-anti-campaigning-law-with-gop-fundraiser.

stated: "We should have much better information to provide you later this month or next. Again, I thank you for your patience as our office continues to receive and respond to an unprecedented number of FOIA requests. I hope to be in touch very soon with an updated timeline . . . ." Mr. Surgey did not hear from the EPA again regarding his October 3, 2017 request.

27. Mr. Surgey submitted a second request, Request B-1, on February 13, 2018, seeking the same type of records as in Request B, except that Request B-1 sought records created during the additional period of October 3, 2017 and February 13, 2018. True and correct copies of Request B-1, and the EPA's acknowledgment thereof, is attached hereto as Exhibit B-1.

28. On February 14, 2018, the EPA acknowledged receipt of the February 13, 2018 request. The EPA assigned to the request tracking number EPA-HQ-2018-004426.

29. On March 23, 2018, the EPA responded to the request in the form of an "interim response." In its interim response, the EPA explained that "[m]any people or entities have requested information about these records. We appreciate your patience as we process these requests."

30. The EPA's interim response explained that "an extension of time to respond to your request is necessary under 40 C.F.R. § 2.104(d)."

31. The EPA's interim response then stated that its estimated completion date for responding to the February 14, 2018 request would be **August 12, 2019**. The interim response also noted that the EPA "would like to provide you with the opportunity to discuss the request with us and clarify or narrow the request," notwithstanding that the EPA gave no indication that Mr. Surgey's request was overbroad or otherwise unclear.

32. The EPA's interim response also released 612 pages of records, all of which had previously been released in response to a prior FOIA request made by another party. Many of the records provided by the EPA's Interim Response bore no relationship to the documents sought by Requests B or B-1. Moreover, as the EPA itself acknowledged in its interim response, the 612 pages did not represent the EPA's complete response to Requests B-1. Instead, the EPA only represented that it would fully respond to Request B-1 at a later date.

33. The EPA's response of January 8, 2018 and its "Interim Response" of March 23, 2018, which do nothing more than express a *future* intention to decide whether to comply with Request B, do not qualify as agency determinations under 5 U.S.C. § 552(a)(6)(C)(i). *See, e.g., Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186–87 (D.C. Cir. 2013) ("*CREW*"). Moreover, there are no "unusual circumstances" present that would justify an extension of the EPA's statutorily prescribed deadline for responding to Request B. *See* 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Thus, the EPA's failure to make its determination within the statutorily prescribed deadline qualifies as a constructive denial of Requests B and B-1. 5 U.S.C. § 552(a)(6)(C). Accordingly, FLM has, by operation of law, exhausted its administrative remedies. *Id*.

**Request C:   Records Regarding Vehicles Leased For the Use of Scott Pruitt**

34. On December 21, 2017, Mr. Surgey submitted another FOIA request ("Request C") to the EPA through MuckRock's FOIA Portal. A true and correct copy of Request C, and the EPA's acknowledgment thereof, is attached hereto as Exhibit C.

35. Request C sought records "that show what vehicles are leased for the use of (a) Scott Pruitt and (b) for the office of the Administrator generally." Request C further specified that the records should show: (1) "The number of vehicles leased"; (2) "[t]he model of vehicles

9

leased"; (3) "[d]etails of any upgrades made to the vehicle(s)"; and (4) "[w]hether the vehicles are leased at standard GSA prices."

36. FLM seeks these records because they would shed further light on the spending habits of Mr. Pruitt and the EPA. The expenditures of the EPA under this Administration have raised concerns that Mr. Pruitt and other top-ranking agency executives have used their offices to benefit themselves at the expense of the taxpaying public. Disclosure of these records would allow the public to decide whether these concerns are founded, and, if so, what action should be taken to rectify the situation.

37. On January 18, 2018, the EPA wrote to Mr. Surgey, informing him that the Office of Administration and Resources Management "reviewed [the] request and, after consultation with multiple offices, has determined that this request will be handled by the Office of the Administrator." The EPA then wrote that, in light of the reassignment, it was requesting "an extension of at least ten (10) days beyond the original due date of 1/24/2018."

38. Since then, the EPA has not provided Mr. Surgey with any updates on Request C.

39. The EPA's response of January 18, 2018, which does nothing more than express a *future* intention to decide whether to comply with Request C, does not qualify as an agency determination under 5 U.S.C. § 552(a)(6)(C)(i). *See, e.g.*, *CREW*, 711 F.3d at 186–87. Moreover, there are no "unusual circumstances" present that would justify an extension of the EPA's statutorily prescribed deadline for responding to Request C. *See* 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Thus, the EPA's failure to make its determination within the statutorily prescribed deadline qualifies as a constructive denial of Request C. 5 U.S.C. § 552(a)(6)(C). Accordingly, FLM has, by operation of law, exhausted its administrative remedies. *Id*.

### Request D:  Records Regarding Scott Pruitt's
### First Class or Business Class Travel Expenses

40. On February 21, 2018, Mr. Surgey submitted another FOIA request to the EPA. ("Request D").  True and correct copies of Request D, and the EPA's acknowledgment thereof, are attached hereto as Exhibit D.

41. Request D sought the following:

> Records in the possession of the office of Public Affairs that pertain to EPA Administrator Scott Pruitt's use of first class or business class travel expenses, including – but not limited to – travel for the EPA/U.S. delegation trip to Italy in June 2017 for the G7 and other meetings. . . . The response should also include – but is not limited to – any email communications or other typed or handwritten notes about this subject.

42. Request D further specified that "[a] search may be limited to records created, or transmitted between" January 1, 2018 and February 21, 2018.

43. The records sought by Request D would, if disclosed, shed light on Mr. Pruitt's travel expenses, which have come under considerable scrutiny in recent months.  Indeed, the public has a right to know whether Mr. Pruitt's spending practices have continued, despite the public concern regarding his spending during the first few months of his tenure.

44. The EPA acknowledged Request D on February 22, 2018, assigning it tracking number EPA-HQ-2018-004714.

45. To this date, the EPA has not provided a response indicating whether it will comply with Request D.

46. Therefore, the EPA has constructively denied Request D and FLM has, by operation of law, exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C).

**Request E:  Administrator Security Detail Travel Vouchers**

47. On February 21, 2018, Mr. Surgey submitted another FOIA request to the EPA ("Request E").  True and correct copies of Request E, and the EPA's acknowledgment thereof, are attached hereto as Exhibit E.

48. Request E sought "[t]ravel vouchers for EPA staff providing security protection for EPA Administrator Scott Pruitt and/or his family between [February 17, 2017] and [February 21, 2018]."

49. Mr. Pruitt has not only been the subject of criticism for his spending on commercial air travel; he also is the first EPA chief to engage a 24-hour security detail, which is calculated to receive a collective salary of at least $2 million year.[6]  FLM has submitted Request E to the EPA because the public has a right to the up-to-date information regarding Mr. Pruitt's security expenditures.

50. On February 22, 2018, the EPA acknowledged receipt of Request E and assigned it tracking number EPA-HQ-2018-004715.

51. To this date, the EPA has not provided a response indicating whether it will comply with Request E.

52. Therefore, the EPA has constructively denied Request D and FLM has, by operation of law, exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C).

---

[6] See *Sara Ganim and Rene Marsh*, Senator:  Pruitt Security Included Disneyland, Rose Bowl Trips, CNN (Apr. 3, 2018, 10:52 AM), https://www.cnn.com/2018/03/30/politics/epa-pruitt-travel-whitehouse-rose-bowl-disneyland/index.html.

### Request F:  EPA Administrator Travel Records
### in Possession of EPA Chief of Staff

53. On February 21, 2018, Mr. Surgey submitted another FOIA request to the EPA ("Request F"). True and correct copies of Request F, and the EPA's acknowledgment thereof, are attached hereto as Exhibit F.

54. Request F sought "[c]opies of any emails, memoranda, written notes or other records in the possession of EPA Chief of Staff Ryan Jackson, pertaining to EPA Administrator Scott Pruitt's use (or proposed use) of first class or business class travel."

55. Like Requests A, C, and D, Request F seeks the disclosure of documents that would enhance the public's understanding of how Mr. Pruitt has traveled as EPA administrator, and what his travel has cost the American taxpayer. Moreover, the records sought by Request F, if disclosed, would offer unique insight to actions of EPA Chief of Staff Ryan Jackson, who has previously been criticized for approving unauthorized raises for Mr. Pruitt's closest aides.[7]

56. On February 22, 2018, the EPA acknowledged receipt of Request F and assigned it tracking number EPA-HQ-2018-004716.

57. To this date, the EPA has not provided a response indicating whether it will comply with Request F.

58. Therefore, the EPA has constructively denied Request F and FLM has, by operation of law, exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C).

---

[7] Arti Natter and Jennifer A. Dlouhy, *EPA Chief of Staff Approved Raises for Aides, Watchdog Finds*, BLOOMBERG (Apr. 16, 2018, 9:00 AM), https://www.bloomberg.com/news/articles/2018-04-16/epa-chief-of-staff-approved-raises-for-top-aides-report-finds.

**FIRST CAUSE OF ACTION**
(Violation of FOIA for failure to conduct a reasonable search)

59. FLM repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

60. The EPA is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore had an obligation to conduct a search reasonably calculated to uncover all records responsive to the requests.

61. The EPA's failure to provide *any* response to Requests A, D, E, and F, as well as its insistence on providing "interim responses" to Requests B and C, show that the EPA has manifestly failed to satisfy its obligations to diligently search for responsive records under FOIA, 5 U.S.C. § 552(a)(3).

**SECOND CAUSE OF ACTION**
(Violation of FOIA for failure to make records available)

62. FLM repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

63. The EPA is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore must disclose in response to a FOIA request all responsive records in its possession at the time of the requests that are not specifically exempt from disclosure under FOIA, and must provide a lawful reason for withholding any records as to which it is claiming an exemption.

64. The EPA's failure timely to disclose the records requested by FLM in Requests A-F violates FOIA, 5 U.S.C. § 552(a)(3)(A).

**REQUEST FOR RELIEF**

**WHEREFORE**, FLM respectfully requests that this Court:

a. Expedite consideration of this Complaint pursuant to 28 U.S.C. § 1657;

b. Declare that the records sought by Requests A-F, as more particularly described above, are public records pursuant to 5 U.S.C. § 552, that the EPA failed to conduct a reasonable and diligent search for the records as required by 5 U.S.C. § 552(a)(3), and that the records must be disclosed;

c. Order the EPA to provide those records to FLM, including electronic copies of records stored in electronic format, within 20 business days of the Court's order;

d. Award FLM the costs of this proceeding, including reasonable attorneys' fees, as authorized by FOIA; and

e. Grant FLM such other and further relief as this Court deems just and proper.

Dated: April 20, 2018          BALLARD SPAHR LLP


By:   */s/Jay Ward Brown*

Jay Ward Brown (D.C. Bar No. 437686)
brownjay@balladspahr.com
Matthew E. Kelley (D.C. Bar No. 1018126)
kelleym@ballardspahr.com
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
T: (202) 508-1136
F: (202) 661-2299

*Counsel for First Look Media Works, Inc.*