IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FIRST LOOK MEDIA WORKS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ENVIRONMENTAL ) <br> PROTECTION AGENCY, ) <br> ) <br> Defendant. ) <br> ) | Civ. A. No. 18-0929 (BAH) |

## STIPULATION OF SETTLEMENT FOR COSTS AND ATTORNEYS' FEES

Plaintiff First Look Media Works, Inc., and Defendant United States Environmental Protection Agency ("EPA"), through their undersigned counsel, enter into this Stipulation of Settlement for Costs and Attorneys' Fees ("Stipulation") for the sole purpose of satisfying Plaintiff's claim for attorneys' fees, expenses, and costs generated as of this date, July 19, 2019, in connection with the above-referenced lawsuit brought under the Freedom of Information Act ("FOIA").

The parties agree as follows:

1. Defendant will pay to Plaintiff the amount of $8,000.00, pursuant to 5 U.S.C. § 552(a)(4)(E), for attorneys' fees, costs, and litigation expenses incurred by Plaintiff up to the date of this Stipulation. This figure is inclusive of any interest. Defendant shall make payment to Plaintiff as soon as reasonably practicable by an electronic transfer of funds as specified in instructions provided to counsel for the Defendant by Plaintiff's counsel in writing. Plaintiff and Plaintiff's counsel shall be responsible for any distribution of the payment among themselves.

2. As acknowledged in the status report dated April 30, 2019 (ECF No. 22), Plaintiff has withdrawn the following four FOIA requests: EPA-HQ-2018-2017-011669, EPA-HQ-2018-002847, EPA-004714, and EPA-HQ-2018-004715, and is no longer pursuing any claims associated with those requests in this action. Plaintiff hereby agrees that the payment by Defendant set forth in paragraph 1 above is in full satisfaction of any claim for attorneys' fees, expenses, or costs incurred as of the date of this Stipulation in connection with this litigation. Plaintiff therefore will not seek recovery of any attorneys' fees, expenses, or costs attributable to the period prior to, and including, the date of this Stipulation related to any FOIA request at issue in this litigation, including but not limited to the FOIA requests referenced in this paragraph. Plaintiff also hereby waives any reliance on the catalyst theory to claim prevailing party status premised on any actions on or before the date of this Stipulation and also waives any reliance on the Court's order dated February 25, 2019, or any modification to that order, to claim prevailing party status. In addition, Plaintiff agrees to limit any future claim of prevailing party status and/or eligibility for the recovery of attorneys' fees, expenses or costs to such fees, expenses or costs incurred in pursuing any motion or other action to enforce this Stipulation addressing attorneys' fees, any motion to enforce the processing rate and production schedule set forth in the parties' Joint Status Report of April 30, 2019 (ECF No. 22), and/or any actual filing of a summary judgment motion, opposition or reply in this litigation after the processing of records as described in the parties' April 30, 2019 Joint Status Report has been completed. In connection with the foregoing, Plaintiff agrees that it will not seek attorneys' fees, expenses or costs incurred from the date of this Stipulation through the date that the Court establishes a schedule for the briefing of summary judgment motions for time spent reviewing records or other information provided by Defendant in connection with Defendant's processing of records in

response to the FOIA requests that remain at issue, or the review or preparation of status reports to the Court in this litigation. The parties agree that Defendant reserves the right to oppose any future motion for attorneys' fees, expenses or costs that might be filed, including on the basis of eligibility, entitlement, and reasonableness of fees incurred.

3. In making the payment set forth in paragraph 1 above, Defendant is not making an admission of liability or fault, and this Stipulation shall not be construed as an admission of liability or fault on the part of the Defendant or the United States or their agents, servants, or employees, and is entered into by both parties for the sole purpose of compromising disputed claims. This Stipulation will not be used in any manner to establish liability for fees, amounts, or hourly rates, in any other case or proceeding.

4. This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

5. The parties agree that this Stipulation will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendant, the United States, or any agency or instrumentality of the United States.

6. Any obligation of the Government to expend funds under this Stipulation is subject to the availability of appropriations in accordance with the Anti-Deficiency Act, 31 U.S.C. § 1341. This Stipulation shall not be construed to require the Government to obligate or pay funds in contravention of the Anti-Deficiency Act.

7. This Stipulation may be executed in counterparts as if executed by both parties on the same document.

8. The below-signed counsels are authorized to enter into this Agreement on behalf of their respective client.

Respectfully submitted,

/s/ Jay Ward Brown
Jay Ward Brown
D.C. BAR No. 437686
Matthew E. Kelley
D.C. BAR No. 1018126
BALLARD SPAHR LLP
1909 K Street, NW
Washington, D.C. 20006-1157
Phone: (202) 508-1136
Fax:   (202) 661-2299
brownjay@balladspahr.com
kelleym@ballardspahr.com

Counsel for Plaintiff

JESSIE K. LIU, D.C. BAR #472845
United States Attorney

DANIEL F. VAN HORN, D.C. BAR # 924092
Civil Chief

By: _____
JEREMY S. SIMON, D.C. BAR #447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.simon@usdoj.gov

Counsel for Defendant